UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:13-CV-1507 CAS ) |
| JOE'S TREE TRIMMING, L.L.C., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2013).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The Complaint alleges that plaintiff Western World Insurance Company is a New Hampshire corporation with its principal place of business in New Jersey. The Complaint also alleges that defendant Joe's Tree Trimming, L.L.C. is a Missouri limited liability company with its principal place of business in Missouri. It further alleges that individual

defendants Joe Waggoner and Heath Bollinger are "residents" of Missouri. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

Plaintiff apparently assumes that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. See 28 U.S.C. §§ 1332(a), (c)(1); Sanders, 823 F.2d at 215 n.1. That is incorrect. The Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Thus, for defendant Joe's Tree Trimming, L.L.C., the Court must examine the citizenship of each member of the limited liability company to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of Joe's Tree Trimming, L.L.C. or their citizenship.

The Complaint alleges that the individual defendants Waggoner and Bollinger reside in Missouri but does not allege facts concerning these defendants' citizenship. "A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship." 15 Moore's Federal Practice § 102.31; see Sanders, 823 F.2d at 215 n.1.

The Court will grant plaintiff seven (7) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **September 26, 2013**, plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each defendant.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

```
                                    /s/ Charles A. Shaw
                                    CHARLES A. SHAW
                                    UNITED STATES DISTRICT JUDGE
```

Dated this  19th  day of September, 2013.